UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CIVIL ACTION NO. 09-21640-CIV-MARTINEZ-BROWN

_____
                                        )

**NATIVITA ST. LOUIS JULIEN and**    )
**GLORIA PIERRILIEN,**             )
       **individually and on behalf of all**  )
       **other persons similarly situated,**  )
                                   )

           **Plaintiffs,**         )
                                   )

**vs.**                                     )
                                   )

**LJS FARMING SERVICES CORP. ,**  )
**ROGER ST. FLEUR and**      )
**LUCIENNE JOSEPH ST. FLEUR,**  )
                                   )

          **Defendants.**        )
_____)

**PLAINTIFFS' MOTION FOR
<u>DECLARATION OF A CLASS ACTION</u>**

In accordance with the provisions of Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1, the Plaintiffs hereby move this Court for a determination that this action may be maintained as a class action under subsection (b)(3) with respect to the claims set forth in Count I of the  Complaint in this cause.  In support of this motion, the Plaintiffs state as follows:

    1.  This is a suit challenging, *inter alia*, the failure of the Defendants to comply with the

recordkeeping, wage statement and wage payment provisions of the Migrant and Seasonal

Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, et seq.  ("AWPA") during the 2007-08

bean harvest in south Miami-Dade County.

2.  The Plaintiffs seek to represent a class consisting of:

> All migrant and seasonal agricultural workers, as defined by the
> AWPA, who were employed as members of the Defendants'
> agricultural labor crew at any time during the 2007-08 Miami-Dade
> County bean harvest, extending from approximately October 1,
> 2007 through May 31, 2008.

3.  Although the exact size of the alleged class is presently unknown, the members of the

class are so numerous as to make joinder impracticable.  From the Defendants' own payroll

records, the Plaintiffs have identified 57 members of the class.  *See* Exhibit A.   In addition, the

limited size of the class members' claims, their geographic dispersion, their relative indigency,

their lack of proficiency in the English language, and their relative unfamiliarity with the

American legal system makes joinder of all members infeasible.

4.  Common questions of fact exist with regard to the members of the class.  The common

questions of fact include the following:

a.    Whether the Defendant made, kept and preserved payroll records as

required by the AWPA and its implementing regulations with respect to the labor

of the Plaintiffs and the other class members;

b.    Whether the Defendant provided to the Plaintiffs and the other

members of the class wage statements on each payday as required by the AWPA

and its implementing regulations;

c.   Whether the Defendant failed to pay the Plaintiffs and other class members their wages promptly when due.

5.   Common questions of law exist with regard to the members of the class.  The common questions of law include the following:

a.   Whether the Defendant made, kept and preserved payroll records as required by the AWPA, including among other things, the actual hours each of the class members was employed, including time the workers spent at the jobsite waiting for the morning dew to dry on the beans before beginning picking;

b.   Whether the Defendant provided the class members with accurate wage statements containing the data mandated by the AWPA, including the number of hours each class member was employed during the pay period;

c.   Whether the Defendant failed to pay the class members their wages promptly when due by failing to compensate them for all hours worked, including the time spent waiting at the Defendant's direction for the dew to dry on the beans before commencing harvesting;

d.   Whether the Defendant's violations of the AWPA were "intentional," within the meaning of that statute, 29 U.S.C. § 1854(c).

6.   The claims of the Plaintiffs are typical of those of the alleged class, *i.e.*, seeking declaratory relief, injunctive relief, and damages with respect to the Defendant's failure to make, keep and preserve payroll records, issue wage statements and pay wages when due with respect to labor performed during the 2007-08 bean harvest season.

7.   The named Plaintiffs will fairly and adequately represent the interests of the class.

The Plaintiffs' interests are in no way antagonistic to those of the other class members. All class members will benefit from the relief sought. The Plaintiffs' counsel is experienced in class action litigation in the federal courts, as well as claims under the AWPA, and will vigorously prosecute this action on behalf of the class.

8.      In similar cases under both the AWPA and its predecessor statute, the Farm Labor Contractor Registration Act, courts have frequently certified classes pursuant to Rule 23(b)(3), including classes involving the type of violations complained of in this action.

9.      The common questions of law and fact presented in this case predominate over any individual questions, as the Plaintiffs and the other class members all seek to remedy common legal grievances, including the Defendants' failure to properly pay them their wages.

10.     A class action is superior to other methods of adjudicating this controversy. Due to the class members' lack of proficiency in English, their indigent status, and the relatively small amount of individual recovery, maintenance of individual actions would be unmanageable and almost impossible. Furthermore, there has been no other litigation concerning this controversy commenced by the class members, and it is desirable to have this litigation maintained in a forum in which the Defendants and the records relevant to the class members' employment are located.

This motion is further supported by the accompanying memorandum of law, which is incorporated herein by reference.

Respectfully submitted,


*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:      (561) 582-3921
Facsimile:      (561) 582-4884
e-mail:          Greg@Floridalegal.Org

Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized to receive electronically Notices of Electronic Filing.

*/s/ Gregory S. Schell*
Gregory S. Schell

## SERVICE LIST

**Nativita St. Louis Julien, et al. v. LJS Farmiing Services Corp., et al.**
**Case No. 09-21640-Civ-Martinez/Brown**

**United States District Court**
**Southern District of Florida**

Gregory S. Schell
Greg@Floridalegal.Org
MIGRANT FARMWORKER JUSTICE
    PROJECT
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:     (561) 582-3921
Facsimile:     (561) 582-4884
Attorney for Plaintiffs
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Roger St. Fleur
154 N.E. 68th Terrace
Miami, Florida   33138
*(Served via U.S. Mail)*

LJS Farming Services, Inc.
154 N.E. 68th Terrace
Miami, Florida   33138
*(Served via U.S. Mail)*

Lucienne St. Fleur
154 N.E. 68th Terrace
Miami, Florida   33138
*(Served via U.S. Mail)*

***/s/ Gregory S. Schell***
Gregory S. Schell
Florida Bar Number 287199
MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida   33460-3819